# ALMIRA MANCHESTER v. ARMINA C. MANCHESTER.[1]

November 12, 1915.

Nos. 19,376—(53).

**Cancelation of deed — undue influence — evidence insufficient.**

Evidence insufficient to sustain finding that deed was procured by defendant by the exercise of undue influence. [Reporter.]

Action in the district court for Dakota county to annul a deed of conveyance of certain real estate fraudulently obtained from plaintiff without the payment of any consideration and while plaintiff was infirm in body and mind. The case was tried before Johnson, J., who made findings and ordered judgment in favor of plaintiff. From an order denying her motion to amend the findings and direct judgment in her favor or for a new trial, defendant appealed. Reversed and new trial granted.

*Owen Morris*, for appellant.

*Charles R. Pye*, for respondent.

PER CURIAM.

Plaintiff is the mother of defendant, and brought this action to have declared void a deed executed November 7, 1910, conveying to defendant plaintiff's one-third interest in 120 acres of land in Dakota county. The trial court found that the deed was procured by defendant from plaintiff by the exercise of undue and improper influence, and ordered judgment setting it aside. Defendant appeals from an order denying her motion for a new trial.

The only question is whether or not the above mentioned finding is sustained by the evidence. We have studied the record with care, and fail to find any evidence tending to show fraud or undue influence on the part of the defendant. In view of a possible new trial, we refrain from stating or discussing the evidence.

Order reversed and new trial granted.

Schaller, J., took no part.

[1] Reported in 54 N. W. 1102.